UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY DONALD RUTLEDGE a/k/a/ TORI ELISE RUTLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENGLISH, *et al.*,<br><br>Defendants. | CAUSE NO. 3:24-CV-155-JD-JEM |

OPINION AND ORDER

Terry Donald Rutledge a/k/a/ Tori Elise Rutledge, a prisoner without a lawyer, is proceeding in this case on three claims. First, she is proceeding against Warden Brian English, Deputy Warden Aaron Smith, Unit Team Manager Shaun Dwyer, Caseworker Katina Murray, PREA Compliance Manager Lorna Harbaugh, Officer Caleb Nelson, Sergeant Justin McCray, Sergeant Mario Rodriguez, Sergeant Armando Cervantes, Captain Ryan McCullum, Lieutenant Branden Myers, Internal Affairs Investigator Joshua Snow, Case Manager Timothy Hamrick, and Mental Health Provider ("MHP") Baili Celeste Appleton in their personal capacity for monetary damages for failing to protect her from being sexually assaulted by other inmates between June 2023 and January 2024 in violation of the Eighth Amendment. ECF 40 at 9. Second, she is proceeding against Sergeant McCray in his personal capacity for monetary damages for using excessive force against her after she attempted suicide on or about July 28, 2023, in violation of the Eighth Amendment. *Id.* at 10. Third, she is proceeding against

Caseworker Murray and Sergeant Rodriguez in their personal capacity for money damages for retaliating against her in violation of the First Amendment. ECF 49 at 7. All of the defendants except for MHP Appleton have moved for partial summary judgment, arguing Rutledge did not exhaust her administrative remedies for some of her claims before filing this lawsuit. ECF 55. Rutledge filed a response, the defendants filed a reply, and Rutledge filed an authorized sur-reply. ECF 62, 67, 75. The defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

2

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006**).**

Rutledge is proceeding in this case on three claims against fourteen defendants. The defendants concede Rutledge exhausted her First Amendment retaliation claim against Sgt. Rodriguez, but argue Rutledge did not exhaust her remaining claims in this lawsuit. To fully exhaust a grievance, Rutledge needed to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a

Level II appeal to the Department Grievance Manager. ECF 60 at 3. It is undisputed Rutledge fully exhausted several grievances related to her claims in this lawsuit, and submitted numerous other grievances she did not fully exhaust. The defendants argue that, while it is true Rutledge fully exhausted some relevant grievances, these grievances do not exhaust her claims in this lawsuit because they do not name the defendants or otherwise put the prison on notice of her claims against the defendants.

The purpose of a grievance is to alert prison officials to a problem so that action can be taken to remedy the problem. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Thus, an inmate's grievance is sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023); *see also Jackson v. Esser*, 105 F.4th 948, 960 (7th Cir. 2024) ( "[I]n line with the purpose of the PLRA—to give a prison an opportunity to correct a problem before litigation, prisoners must provide some identifying information about the accused individuals") (citations omitted). An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint." *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021).

Rutledge was not required to specifically name each defendant in a grievance to exhaust her claim against that defendant. *See Jackson*, 105 F.4th at 959-60 (holding that "the district court erred by effectively requiring [the plaintiff] to specifically name every potential defendant in his grievances," as "our notice-based exhaustion standard has no such requirement."). Nevertheless, "prisoners must provide 'some identifying information about the accused individuals.'" *Id.* at 960. "In other words, a grievance

4

must contain enough information about who caused the grieved of problem so that a prison can properly 'investigate and resolve grievances.'" *Id*. "Indeed, we have found exhaustion as to defendants not named in a grievance when, from the content of the grievance and the nature of the complained of conduct the prison was clearly on notice that those unnamed defendants were involved." *Id*. In *Jackson*, the Seventh Circuit concluded the plaintiff's grievances complaining "Lt. Esser" refused to turn on the water in his cell only exhausted his claim against Lt. Esser and did not exhaust his claim against the other defendants, as the grievance complained only about Lt. Esser's conduct and did not put the prison on notice that any defendant other than Lt. Esser was involved in the problem. *See id*. ("his grievances presented one clearly identified issue, which is that Lt. Esser refused to turn Jackson's water on after learning that Jackson did not have it.") (citation, quotation marks, and alterations omitted).

Thus, the question is not whether Rutledge specifically named each defendant in a properly exhausted grievance, but whether Rutledge's properly exhausted grievances provided "some identifying information" indicating each defendant was involved in the problem. Each claim and defendant will be addressed in turn.

### I.     Failure-to-protect claim

Rutledge is proceeding against all fourteen defendants "for failing to protect her from being sexually assaulted by other inmates between June 2023 and January 2024 in violation of the Eighth Amendment." All defendants except MHP Appleton move for summary judgment, arguing none of the grievances Rutledge exhausted put the prison

5

on notice of their alleged involvement in the claim. Each defendant will be addressed in turn.

### PREA Compliance Manager Harbaugh

It is undisputed Rutledge fully exhausted Grievance 157769, in which she complained PREA Compliance Manager Harbaugh had been refusing to speak with her in July 2023 despite her numerous requests and despite being informed that she was being raped and harassed by other inmates. ECF 56-4 at 1-8. Grievance 157769 is clearly sufficient to exhaust Rutledge's failure-to-protect claim against PREA Compliance Manager Harbaugh. PREA Compliance Manager Harbaugh argues Grievance 157769 is not sufficiently related to Rutledge's claim against her because the grievance did not provide enough detail about the alleged rape and sexual harassment (ECF 56 at 13-15), but Rutledge's assertion in Grievance 157769 that PREA Compliance Manager Harbaugh had refused to speak with her despite being notified that she had been raped in July 2023 is easily sufficient to put the prison on notice of Rutledge's claim that PREA Compliance Manager Harbaugh failed to protect her from being sexually assaulted by other inmates between June 2023 and January 2024. Summary judgment is not warranted in favor of PREA Compliance Manager Harbaugh on this claim.

### Deputy Warden Smith

It is undisputed Rutledge fully exhausted Grievance 157770, in which she complained Deputy Warden Smith was "aware that [she] was being raped and sexually harassed by inmates" in July 2023 but had not taken any steps to protect her. ECF 56-4 at 9-15. This grievance is clearly sufficient to exhaust Rutledge's claim against Deputy

6

Warden Smith. Deputy Warden Smith argues Grievance 157770 is not sufficiently related to Rutledge's claim against him because the grievance does not include details of the alleged sexual assaults (ECF 56 at 15-17), but Rutledge's allegation in Grievance 157770 that Deputy Warden Smith was "aware that [she] was being raped and sexually harassed by inmates" in July 2023 and had not taken steps to protect her easily put the prison on notice of Rutledge's claim that Deputy Warden Smith had failed to protect her from being sexually assaulted by other inmates between June 2023 and January 2024. Summary judgment is not warranted in favor of Deputy Warden Smith on this claim.

### *Officer Nelson*

It is undisputed Rutledge fully exhausted Grievance 157771, in which she complained she had filed a PREA complaint in July 2023 and an individual named "Sart," later identified as Officer Nelson, had interviewed her but had not taken her complaint seriously and had not used a rape kit. ECF 56-4 at 16-21. Grievance 157771 is clearly sufficient to exhaust Rutledge's claim against Officer Nelson. Officer Nelson argues Grievance 157771 is not sufficiently related to Rutledge's claim against him because it did not provide enough detail about the alleged rape (ECF 56 at 12-13), but Rutledge's assertion in Grievance 157771 that Officer Nelson failed to adequately respond to her PREA complaint in July 2023 is easily sufficient to put the prison on notice of Rutledge's claim that Officer Nelson failed to protect her from being sexually assaulted by other inmates between June 2023 and January 2024. Summary judgment is not warranted in favor of Officer Nelson on this claim.

7

*Sgt. McCray*

It is undisputed Rutledge addressed her failure-to-protect claim against Sgt. McCray in Grievance 161559, in which she complained Sgt. McCray had forced her to move into a cellhouse despite her pleas not to be placed into that cellhouse. ECF 56-4 at 42. It is also undisputed the grievance office denied Grievance 161559 on its merits and Rutledge never appealed that decision, which was a necessary step to exhaust the grievance. *Id.* at 43-44; ECF 60 at 16. Rutledge does not explain why she did not appeal the denial of Grievance 161559, and does not argue she submitted any other grievance related to her failure-to-protect claim against Sgt. McCray. Thus, because it is undisputed Rutledge only "targeted" Sgt. McCray in Grievance 161559, which she did not fully exhaust, and there is no evidence Rutledge fully exhausted any grievance that put the prison on notice that Sgt. McCray was involved in the problem, the undisputed facts show Rutledge did not exhaust her administrative remedies with regard to her failure-to-protect claim against Sgt. McCray. Summary judgment is therefore warranted in favor of Sgt. McCray on this claim.

*Unit Team Manager Dwyer*

It is undisputed Rutledge addressed Unit Team Manager Dwyer in three grievances: Grievance 161557, Grievance 161554, and Grievance 161556. In Grievance 161557, Rutledge alleged that Unit Team Manager Dwyer and the ACH unit team forced her to be placed in general population despite knowing she had an ongoing PREA complaint. ECF 56-4 at 32. The grievance office denied Grievance 161557 on its merits, and Rutledge never appealed that determination. *Id.* at 33-35; ECF 60 at 14.

8

Rutledge also mentioned Unit Team Manager Dwyer in Grievance 161554 and Grievance 161556, which were both rejected by the grievance office as duplicative of Grievance 161557. ECF 56-4 at 36-41. Rutledge did not revise and resubmit either grievance (ECF 60 at 15), and she does not argue that either grievance was improperly rejected as duplicative of Grievance 161557. Thus, because it is undisputed that Rutledge "targeted" Unit Team Manager Dwyer in three grievances, but did not fully exhaust any of those three grievances, and there's no evidence Rutledge fully exhausted any grievance that put the prison on notice that Unit Team Manager Dwyer was involved in the problem, the undisputed facts show Rutledge did not exhaust her administrative remedies with regard to her claim against Unit Team Manager Dwyer. Summary judgment is therefore warranted in Unit Team Manager Dwyer on this claim.

*Sgt. Rodriguez*

It is undisputed Rutledge fully exhausted Grievance 166611, in which she complained Sgt. Rodriguez knew she had been raped, had been harassing her about her sexual identity, and labeled her as a snitch to other inmates in October 2023. ECF 56-4 at 48-54. It is also undisputed Rutledge fully exhausted Grievance 166608, in which she complained she had filed a PREA complaint against Sgt. Rodriguez in October 2023 because Sgt. Rodriguez had been harassing her about her gender identity, was forcing her to wash in the shower rather than in her cell, and was inciting other inmates to "plot" against her. *Id.* at 55-61. Here, these two grievances, either individually or in combination, put the prison on notice as to Rutledge's claim that Sgt. Rodriguez had failed to protect her from being sexually assaulted by other inmates between June 2023

9

and January 2024, as the grievances alleged she had informed Sgt. Rodriguez she had been raped in October 2023 and that Sgt. Rodriguez had harassed her and caused other inmates to harass her regarding her gender identity. Therefore, summary judgment is not warranted in favor of Sgt. Rodriguez on this claim.

*Sgt. Cervantes*

It is undisputed Rutledge referenced Sgt. Cervantes in Grievance 161559, in which she complained that a "short Mexican" sergeant had been involved in moving her into a cellhouse and she was raped by her cellmate the next day. ECF 56-4 at 42. It is also undisputed the grievance office denied Grievance 161559 on its merits and Rutledge never appealed that determination, which was a necessary step to exhaust the grievance. *Id.* at 43-45. Rutledge does not explain why she did not appeal the denial of Grievance 161559, and does not argue she submitted any other grievance related to her failure-to-protect claim against Sgt. Cervantes. Thus, because it is undisputed Rutledge only "targeted" Sgt. Cervantes in Grievance 161559, which she did not fully exhaust, and there is no evidence Rutledge fully exhausted any grievance that put the prison on notice that Sgt. Cervantes was involved in the problem, the undisputed facts show Rutledge did not exhaust her administrative remedies with regard to her failure-to-protect claim against Sgt. Cervantes. Summary judgment is therefore warranted in favor of Sgt. Cervantes on this claim.

*Case Manager Hamrick, Lt. Myers, and Capt. McCullum*

Case Manager Hamrick, Lt. Myers, and Capt. McCullum all argue Rutledge did not exhaust her administrative remedies with regard to her claim against them because

10

there is no evidence she ever filed any grievance related to any of these defendants. Rutledge does not address any of these three defendants in her summary judgment response, and a review of Rutledge's grievance records does not indicate Rutledge ever submitted or fully exhausted any grievance that referenced or contained any "identifying information" about any of these three defendants. Therefore, the undisputed facts show Rutledge did not exhaust her administrative remedies as to her failure-to-protect claim against these defendants before filing this lawsuit. Summary judgment is therefore warranted in favor of Case Manager Hamrick, Lt. Myers, and Capt. McCullum on this claim.

<u>*IA Investigator Snow*</u>

It is undisputed Rutledge mentioned IA Investigator Snow in only one grievance. Specifically, on October 31, 2023, Rutledge submitted Grievance 166608, complaining she filed a PREA complaint against Sgt. Rodriguez because Sgt. Rodriguez had been harassing her about her gender identity and inciting other inmates to "plot" against her. ECF 56-4 at 55. On November 4, 2023, while Grievance 166608 was still pending in the grievance office, Rutledge submitted Grievance 168788, complaining IA Investigator Snow interviewed her on November 2 in relation to her PREA complaint against Sgt. Rodriguez and she was still being harassed following the interview. *Id.* at 65. The grievance office rejected Grievance 168788 on the grounds that it was a duplicate of Grievance 166608. *Id.* at 66-67. Rutledge then went on to fully exhaust Grievance 166608. *Id.* at 55-61.

11

Here, the undisputed facts show Rutledge exhausted all available administrative remedies with regard to her claim against IA Investigator Snow by fully exhausting Grievance 166608. Specifically, it is undisputed that: (1) Rutledge submitted Grievance 166608, in which she claimed she was being harassed by Sgt. Rodriguez; (2) while Grievance 166608 was still pending in the grievance office, Rutledge submitted Grievance 168788, claiming IA Investigator Snow interviewed her in relation to her PREA claim against Sgt. Rodriguez and she was still being harassed following the interview; (3) the grievance office rejected Grievance 168788 as duplicative of Grievance 166608; and (4) Rutledge proceeded to fully exhaust Grievance 166608. By rejecting Grievance 168788 as duplicative of Grievance 166608, which Rutledge fully exhausted, the grievance office left Rutledge without any further available remedy to exhaust her claim against IA Investigator Snow. The defendants argue Rutledge should have revised and resubmitted Grievance 168788 after it was rejected by the grievance office, but it is unclear what revisions Rutledge was expected to make as her allegations against IA Investigator Snow were necessarily interconnected with her allegations in Grievance 166608. The defendants also argue Rutledge should have mentioned IA Investigator Snow in Grievance 166608, but Rutledge's interaction with IA Investigator Snow did not even occur until after she submitted that grievance. Thus, by rejecting Grievance 168788 as duplicative of Grievance 166608, which Rutledge fully exhausted, the grievance office left Rutledge without any further available remedy to exhaust her claim against IA Investigator Snow. Accordingly, because the undisputed facts show Rutledge exhausted all remedies that were available to her with regard to her claim

against IA Investigator Snow, summary judgment is not warranted in favor of IA Investigator Snow on this claim.

*Warden English*

It is undisputed Rutledge mentioned Warden English in only one grievance. Specifically, on September 7, 2023, Rutledge submitted Grievance 161557, complaining Unit Team Manager Dwyer and the "ACH unit team" forced her to be placed in general population despite knowing she had an ongoing PREA complaint and feared being housed in the same cellhouse as her rapists. ECF 56-4 at 32. On September 22, while Grievance 161557 was still pending, Rutledge submitted Grievance 161556, complaining she wrote a letter to Warden English in late August begging for protection and she received a response from Unit Team Manager Dwyer informing her she would remain in the same cellhouse. ECF 56-4 at 39. On October 17, 2023, the grievance office rejected Grievance 161556 as duplicative of Grievance 161557. *Id.* at 40-41. On November 17, 2023, the grievance office denied Grievance 161557 on its merits and Rutledge did not appeal that determination, which was a necessary step to exhaust that grievance. *Id.* at 34-35; ECF 60 at 14-15.

Here, if Rutledge had fully exhausted Grievance 161557, the court could conclude Rutledge had exhausted her available remedies against Warden English because she addressed Warden English in a grievance that was rejected as duplicative of Grievance 161557 (similar to Rutledge's claim against IA Investigator Snow, discussed above). However, because Rutledge did not fully exhaust Grievance 161557, the undisputed facts show Rutledge did not exhaust her administrative remedies

13

against Warden English. Rutledge does not explain why she did not appeal the denial of Grievance 161557, and she does not argue the grievance office improperly rejected Grievance 161556 as duplicative of Grievance 161557. Therefore, because it is undisputed Rutledge never fully exhausted any grievance that contained any "identifying information" about Warden English or otherwise put the prison on notice that Warden English was involved in her claims, the undisputed facts show Rutledge did not exhaust her available administrative remedies as to her claim against Warden English before filing this lawsuit. Summary judgment is therefore warranted in favor of Warden English on this claim.

*Caseworker Murray*

It is undisputed Rutledge fully exhausted Grievance 157770, in which she complained Caseworker Murray had informed Deputy Warden Smith that Rutledge "was being raped and sexually harassed by inmates" in July 2023 but they had not taken any steps to protect her. ECF 56-4 at 9-15. This grievance is clearly sufficient to exhaust Rutledge's claim against Caseworker Murray. Caseworker Murray argues Grievance 157770 is not sufficiently related to Rutledge's claim against her because the grievance does not include details of the alleged sexual assaults (ECF 56 at 15-17), but Rutledge's allegation in Grievance 157770 that Caseworker Murray had informed Deputy Warden Smith that Rutledge "was being raped and sexually harassed by inmates" in July 2023 and they had not taken any steps to protect her easily put the prison on notice of Rutledge's claim that Caseworker Murray had failed to protect her from being sexually assaulted by other inmates between June 2023 and January 2024.

14

While Rutledge explicitly stated in Grievance 157770 that she was filing the grievance "against" Deputy Warden Smith, and only mentioned Caseworker Murray's involvement in passing, the grievance was sufficient to notify the prison that Caseworker Murray was involved in the problem. *See Jackson*, 105 F.4th at 960. Summary judgment is therefore not warranted in favor of Caseworker Murray on this claim.

Accordingly, summary judgment is warranted in favor of Unit Team Manager Dwyer, Sgt. McCray, Sgt. Cervantes, Capt. McCullum, Warden English, Case Manager Hamrick, and Lt. Myers on Rutledge's failure-to-protect claim, but is not warranted in favor of the remaining defendants.

## II. First Amendment retaliation claim against Caseworker Murray and Sgt. Rodriguez

Rutledge is proceeding against Caseworker Murray and Sergeant Rodriguez for retaliating against her in violation of the First Amendment. Sgt. Rodriguez concedes Rutledge fully exhausted her First Amendment retaliation claim against him, and does not move for summary judgment on this claim. Caseworker Murray does move for summary judgment, arguing Rutledge did not fully exhaust any grievance related to her First Amendment retaliation claim that identified Caseworker Murray as being involved in the problem.

It is undisputed Rutledge fully exhausted two grievances related to her First Amendment retaliation claim. First, Rutledge fully exhausted Grievance 166611, in which she complained Sgt. Rodriguez had labeled her as a snitch to other inmates and

15

"retaliated" against her for submitting a letter. ECF 56-4 at 48-54. Second, Rutledge fully exhausted Grievance 166608, in which she complained Sgt. Rodriguez was continuing to retaliate against her. *Id.* at 55-61. Here, while both of these grievances are clearly sufficient to exhaust Rutledge's retaliation claim against Sgt. Rodriguez, neither of these grievances contain any "identifying information" about Caseworker Murray or otherwise put the prison on notice that any person other than Sgt. Rodriguez was involved in retaliating against Rutledge. Rutledge does not argue that these grievances related to Caseworker Murray, and does not argue or provide any evidence that she submitted any other relevant grievances. Therefore, because the undisputed facts show Rutledge did not fully exhaust any grievance related to her First Amendment retaliation claim that contained any "identifying information" about Caseworker Murray, summary judgment is warranted in favor of Caseworker Murray on this claim. *See Jackson*, 105 F.4th at 960.

### III. Excessive-force claim against Sgt. McCray

Rutledge is proceeding against Sgt. McCray for using excessive force against her after she attempted suicide on or about July 28, 2023, in violation of the Eighth Amendment. It is undisputed Rutledge addressed her excessive-force claim in Grievance 157973, in which she complained Sgt. McCray used excessive force against her following her suicide attempt. ECF 56-4 at 25. It is also undisputed the grievance office denied Grievance 157973 on its merits and Rutledge never appealed that determination, which was a necessary step to exhaust the grievance. *Id.* at 26-27; ECF 60 at 12. Rutledge does not explain why she did not appeal the grievance office's denial of

Grievance 157973, and does not otherwise argue her administrative remedies were in any way unavailable. Thus, because it is undisputed Rutledge did not fully exhaust Grievance 157973, and Rutledge does not argue she submitted any other grievance relevant to her excessive-force claim against Sgt. McCray, the undisputed facts show Rutledge did not exhaust her administrative remedies with regard to this claim before filing this lawsuit. Summary judgment is therefore warranted in favor of Sgt. McCray on Rutledge's excessive-force claim.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 55) as to Rutledge's (a) excessive force claim against Sergeant Justin McCray, (b) First Amendment retaliation claim against Caseworker Katina Murray, and (c) failure-to-protect claim against Warden Brian English, Sergeant Justin McCray, Unit Team Manager Shaun Dwyer, Sergeant Armando Cervantes, Captain Ryan McCullum, Case Manager Timothy Hamrick, and Lieutenant Branden Myers;

(2) DENIES the defendants' motion for summary judgment (ECF 55) as to Rutledge's failure-to-protect claim against Deputy Warden Aaron Smith, Caseworker Katina Murray, PREA Compliance Manager Lorna Harbaugh, Officer Caleb Nelson, Sergeant Mario Rodriguez, and Internal Affairs Investigator Joshua Snow;

(3) DISMISSES Warden Brian English, Unit Team Manager Shaun Dwyer, Sergeant Justin McCray, Sergeant Armando Cervantes, Captain Ryan

McCullum, Case Manager Timothy Hamrick, and Lieutenant Branden Myers from this lawsuit; and

(4) REMINDS the parties this case is now proceeding on Rutledge's remaining claims:

   a. against Deputy Warden Aaron Smith, Caseworker Katina Murray, PREA Compliance Manager Lorna Harbaugh, Officer Caleb Nelson, Sergeant Mario Rodriguez, Internal Affairs Investigator Joshua Snow, and Mental Health Provider Baili Celeste Appleton in their personal capacity for monetary damages for failing to protect her from being sexually assaulted by other inmates between June 2023 and January 2024 in violation of the Eighth Amendment; and

   b. against Sergeant Mario Rodriguez in his personal capacity for monetary damages for retaliating against her in violation of the First Amendment.

SO ORDERED on September 19, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT